# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-774
Lower Tribunal No. 09-13577
_____

**Michael Sandoval,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Law Offices of Matthew Troccoli, P.A., and Matthew J. Troccoli, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before SALTER, EMAS, and LOGUE, JJ.

LOGUE, J.

Michael Sandoval, convicted of crimes involving the possession of child pornography, appeals the denial of his postconviction motion alleging he was deprived of the effective assistance of counsel. In the motion, he argued that his trial counsel was ineffective because she did not adequately investigate the potential testimony of his stepdaughter and her mother that a third person had access to Mr. Sandoval's computer and could have downloaded the pornography in question. The postconviction court conducted an evidentiary hearing involving the testimony of Mr. Sandoval, the stepdaughter, her mother, the investigating officer, and trial counsel, among others.

The third person at issue was a friend of the family known only as "Lewis." No witness knew his last name, telephone number, address, other identifying information, or whereabouts. The stepdaughter and her mother could not adequately explain why they had not mentioned Lewis to the investigating officers who had interviewed them at length regarding all persons who had access to the computer. Sandoval's trial counsel testified that she had discussed calling the stepdaughter and her mother as witnesses, but Sandoval agreed not to call them. See Stein v. State, 995 So. 2d 329, 337 (Fla. 2008) ("[I]t is axiomatic that if a defendant consents to defense counsel's trial strategy after it had been explained to him, it will be difficult to establish a claim for ineffective assistance of counsel[.]").

At the end of the testimony, after considering the demeanor of the witnesses and inconsistency in their various statements, the postconviction court made the following finding of fact: "I conclude that the testimony offered by the defense witnesses at the post-conviction hearing was utterly undeserving of belief. I do not believe for one moment that there is, or ever was, a 'Lewis,' last name unknown, phone number unknown, whereabouts unknown. . . . I have not the slightest hesitation in concluding that the testimony [by the defense witnesses at the 3.850 evidentiary hearing] was entirely incredible."

Because the postconviction court's factual conclusions are supported by competent substantial evidence based upon his credibility determinations, we uphold the postconviction court's determination that Sandoval failed to meet his burden to establish ineffective assistance of counsel. See, e.g., Sweet v. State, 810 So. 2d 854, 862 (Fla. 2002) (upholding postconviction court's refusal to grant 3.850 motion based on ineffective assistance of counsel for failure to call a witness when the postconviction court expressly made the finding that "the jury would find [the witness's] testimony to be as incredible as this Court found it to be").

Affirmed.